IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| THE SANSON COMPANY, <br> d/b/a SANSON PRODUCE <br> 3716 Croton Avenue <br> Cleveland, Ohio 44115 <br><br> Plaintiff, <br><br> vs. <br><br> J. PARKER & SONS, INC. <br> d/b/a PARKER PRODUCE <br> d/b/a PARKER TRUCK & TRAILER <br> c/o BDB Agent Co., Statutory Agent <br> 3800 Embassy Parkway, Suite 300 <br> Akron, Ohio 44333 <br><br> and <br><br> TIMOTHY M. PARKER <br> 1593 S. Hametown Road <br> Copley, Ohio 44321 <br><br> and <br><br> JAMES M. PARKER <br> 169 W. Pago Pago Drive <br> Naples, Florida 34113 <br><br> and <br><br> NORMA E. PARKER <br> 169 W. Pago Pago Drive <br> Naples, Florida 34113 <br><br> Defendants. | CASE NO.: <br><br> JUDGE |

# COMPLAINT

Plaintiff The Sanson Company d/b/a Sanson Produce ("Sanson" or "Plaintiff") asserts the following claims against Defendants J. Parker & Sons, Inc. d/b/a Parker Produce d/b/a Parker Truck & Trailer ("Parker Produce"), Timothy M. Parker ("T. Parker") individually and in his

1

corporate capacity, James M. Parker ("J. Parker") individually and in his corporate capacity, and Norma E. Parker ("N. Parker") individually and in her corporate capacity (collectively, "Defendants"), for damages and equitable relief and alleges as follows:

## JURISDICTION

1. Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499e(b)(2) and §499e(c)(5)(i). The Court is also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state-based claims.

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred within this district and in that the Defendants are domiciled in this district.

## PARTIES

3. Plaintiff is an Ohio corporation with its principal place of business in Cleveland, Ohio and its business activities consist of selling wholesale quantities of perishable agricultural commodities. At all times relevant herein, Plaintiff held federal produce license number 19123910 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

4. Defendant Parker Produce is an Ohio corporation with its principal place of business in Copley, Ohio. Parker Produce was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in Ohio and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq.*, ("PACA"). At all times relevant herein, Parker Produce held federal produce license number 19791107 from the U.S. Department of Agriculture/PACA Branch or was subject

to licensing. *See,* Parker Produce PACA License attached hereto and incorporated herein as "Exhibit A."

5. Individual Defendants T. Parker, J. Parker, and N. Parker (collectively, "Individual Defendants") are or were owners, officers, directors, and/or at least 10% shareholders of Parker Produce during the relevant time period, making them "reasonably connected" under PACA. Individual Defendants are or were persons in charge of, and responsible for, the day to day operations of Parker Produce and the disposition of Parker Produce's assets, including its PACA trust assets. The Individual Defendants are charges with a continued statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA.

## COUNT I
### Failure to Maintain PACA Trust
### (Defendant Parker Produce)

6. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

7. At Parker Produce's request, Plaintiff sold, on credit, perishable agricultural commodities to Defendants, as set forth in the following table:

| **Plaintiff** | **Dates of Transactions** | **Commodities** | **Total Amount Sold** | **Amount[1] Unpaid** |
|---|---|---|---|---|
| Sanson | September 2024 through March 2025 | Fresh Fruits and Vegetables | $56,754.00 | $56,754.00 |

8. Plaintiff duly delivered the perishable agricultural commodities to Parker Produce.

---

1 Plus accruing interest at 1.50% per month plus attorney fees and costs.

9. Defendants received and accepted the perishable agricultural commodities from Plaintiff.

10. Pursuant to the payment terms between the parties, Parker Produce is in default with respect to the principal amount of $56,754.00 outstanding to Plaintiff. *See*, Statement of Account attached hereto and incorporated herein as "Exhibit B."

11. Pursuant to the trust provision of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until <u>full payment</u> is made for said commodities by Parker Produce to Plaintiff.

12. Parker Produce has failed and refused to pay for the commodities it ordered, received, and accepted from Plaintiff, despite due demand.

13. On each of the outstanding invoice sent by Plaintiff to Parker Produce, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust, 7 U.S.C. §499e(c)(4), plus interest and attorney fees. *See*, Invoices attached hereto and incorporated herein as "Exhibit C."

14. Plaintiff is an unpaid creditor, supplier, and seller of perishable agricultural commodities as those terms are defined under PACA.

15. Upon information and belief, Parker Produce has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiff and grew upon each delivery of perishable agricultural commodities.

16. The failure of Parker Produce to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by Parker Produce from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sum owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct and proximate result, Plaintiff has suffered damages.

## COUNT II
### Dissipation of Trust Assets
### (All Defendants)

17. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

18. Upon information and belief, proceeds obtained from the sale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries by PACA, were improperly expended by Defendants for other purposes.

19. On each of the outstanding invoices sent by Plaintiff to Defendants, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust, 7 U.S.C. §499e(c)(4), plus interest and attorney fees.

20. Upon information and belief, Defendants received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay Plaintiff's outstanding invoices, but were not.

21. As a direct result of the dissipation of trust assets by Defendants, Plaintiff has suffered damages.

## COUNT III
### Failure to Account and Pay for Produce – 7 U.S.C. §499b (Unfair Contact)
### (Defendant Parker Produce)

22. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

23. Parker Produce has failed and refused, without reasonable cause, to account and make full payment promptly of $56,754.00 to Plaintiff, which sum is unpaid and overdue to Plaintiff for perishable agricultural commodities ordered, received, and accepted from Plaintiff.

24. The failure and refusal of Parker Produce to account and make said payment to Plaintiff for the commodity sales transactions is a violation of PACA, 7 U.S.C. §499b, and PACA regulations, constituting Unfair Conduct, is unlawful, and, as a direct result, Plaintiff has suffered damages.

## COUNT IV
### Breach of Fiduciary Duty/ Non-Dischargability (11 U.S.C. §523(a))
### (All Defendants)

25. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

26. Upon information and belief, between September 2024 and March 2025, the Individual Defendants managed, controlled, and directed the credit purchase of perishable agricultural commodities from Plaintiff.

27. Upon information and belief, Defendants received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiff's outstanding invoices, but were not.

6

28. Upon information and belief, Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to the state of non-dischargability pursuant to 11 U.S.C. §523(a).

29. As a direct result of the foregoing, Defendants have violated their fiduciary duties as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a direct result, Plaintiff has suffered damages.

## COUNT V
### Breach of Contract for Unpaid Invoices / Action on Account
### (Defendant Parker Produce)

30. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

31. Between September 2024 and March 2025, Parker Produce contracted with Plaintiff to purchase fresh produce on credit.

32. Plaintiff faithfully performed all aspects of the contract with Parker Produce receiving and accepting all the produce.

33. Plaintiff properly and timely invoiced each sales transaction, and pursuant to the payment terms between the parties, Parker Produce is in default to Plaintiff on all amounts unpaid and outstanding.

34. Parker Produce breached the contract by failing and refusing to pay Plaintiff the principal sum of $56,754.00 despite due demand. As a direct result of non-payment, Plaintiff has suffered damages, including interest and attorney fees.

## COUNT VI
### Interest and Attorney Fees
### (All Defendants)

35. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

36. Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in favor of Plaintiff in order to make fully payment to Plaintiff of said amount.

37. As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

38. As a result of the failure of Defendant to comply with the statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

39. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorney fees, and litigation costs, and also suffer the loss of interest on the outstanding amount owed, all because of violations by Defendants of their statutory duties to maintain the trust and make full payment promptly. Plaintiff has lost the use of said money.

40. In addition to the above recitals, Plaintiff maintains express claims for interest and attorney fees based upon the terms of sale listed on each invoice, as between merchants, which were bargained terms of the sales contract and are sums owing in connection with the produce transactions pursuant to 7 U.S.C. §499e(c)(2).

WHEREFORE, Plaintiff The Sanson Company respectfully prays that this Court issue an Order:

  a. granting non-dischargeable judgement in favor of Plaintiff and against Defendants J. Parker & Sons, Inc. d/b/a Parker Produce d/b/a Parker Truck & Trailer, Timothy M. Parker, James M. Parker, and Norma E. Parker, jointly and severally, in the principal amount of $56,754.00, together with pre- and post-judgment interests at the parties' contracted rate and the costs of this action;

  b. declaring and directing all Defendants to establish and/or preserve the trust fund consisting of funds sufficient to pay Plaintiff's principal trust claim of $56,754.00 plus attorney fees and interest;

  c. enjoining until the entry of the relief herein requested and compliance therewith, all Defendants and their agents, employees, and representatives from in any way, directly or indirectly, interfering, assigning, or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

  d. declaring and directing all Defendants to assign, transfer, deliver, and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer; and

  e. granting Plaintiff reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: July 29, 2025           Respectfully submitted,

                    *s/ Eric M. Kyser*
                    ERIC M. KYSER (0093927)
                    WESTON HURD LLP
                    1300 East 9th Street, Suite 1400
                    Cleveland, OH  44114
                    Telephone: (216) 687-3363
                    Facsimile: (216) 621-8369

Email: ekyser@westonhurd.com
*Attorney for Plaintiff*